AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| APRIL KIMBERLY RODRIGUEZ ) | Case No: 22cr144-WQH |
| ) | USM No: |
| Date of Original Judgment: 04/24/2023 ) | |
| Date of Previous Amended Judgment: ) | Payam Fakharara |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  100 months  months **is reduced to**  90 months  .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

On April 24, 2023, Defendant was sentenced to 100 months in the custody of the Bureau of Prisons for violating 21 U.S.C. §§ 952 & 960. After applying the relevant departures, the Court found that Defendant's relevant Guideline range at criminal history V was 120-150 months. Applying the factors under § 5K of the Guidelines and 18 U.S.C. § 3553(a), the Court concluded at sentencing that a below-Guideline sentence of 100 months' custody was appropriate. The Court now grants Defendant's unopposed Motion requesting a reduction to Defendant's custodial sentence due to a recalculation of her Guildeline range pursuant to Amendment 821, because Defendant originally received 2 criminal history "status points," which she no longer would receive under the new amendment and which would lower her criminal history category from V to IV. (See ECF Nos. 43 & 45.) Pursuant to § 1B1.10, app. n.3 of the Guidelines, the Court finds that "a reduction comparably less than the amended guideline range" is appropriate in this case, resulting in a reduced sentence of 90 months in custody. Pursuant to 18 U.S.C. § 3553(a), the Court finds that a custodial sentence of 90 months is the minimum necessary in light of the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

Except as otherwise provided, all provisions of the judgment dated  04/24/2023  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  09/18/2024 

*William Q. Hayes*
*Judge's signature*

Effective Date:  
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*